# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALEXANDER OLIVER,

    Plaintiff,

v.

UNLV BOARD OF REGENTS,

    Defendant.

Case No. 2:17-cv-02689-JCM-CWH

**ORDER**

Presently before the court is pro se Plaintiff Alexander Oliver's application to proceed *in forma pauperis* (ECF No. 4), filed on November 14, 2017.

Under 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in district court. Additionally, based on the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, effective June 1, 2016, a $50.00 administrative fee applies for filing a civil action in district court, making the total filing fee $400.00. Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them.

Based on Plaintiff's affidavit, his monthly income is $1,453 per month, and his monthly expenses are approximately $1,360. Plaintiff declares he has no money in checking or savings account and no cash, but that he owns a house with a net value of approximately $118,000. Plaintiff does not identify any debts or persons he supports.

Upon review, Plaintiff has not demonstrated that he is unable to pay the costs of related to this litigation. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00

judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350)); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week). The court therefore will deny Plaintiff's application to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED that Plaintiff Alexander Oliver's application to proceed *in forma pauperis* (ECF No. 4) is DENIED.

IT IS FURTHER ORDERED that within thirty days of this order, Plaintiff must either pay the full filing fee in this case of $400, or file a renewed application to proceed *in forma pauperis*. Failure to either pay the filing fee or file a renewed application to proceed *in forma pauperis* will result in a recommendation that this case be dismissed.

IT IS FURTHER ORDERED that Plaintiff's previous motion to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

DATED: November 30, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge